Lawrence Gottlieb, OSB 070869
lgottlieb@bpmlaw.com
Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
Telephone:    (206) 292-9988
Facsimile:    (206) 343-7053
*Attorneys for Plaintiff Contractors Bonding and Insurance Company*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONTRACTORS BONDING AND INSURANCE COMPANY, an Illinois company,<br><br>Plaintiff,<br><br>vs.<br><br>MYCHAL BUSH, an individual Oregon resident, and RED APPLE INN LLC, an Oregon limited liability company,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>(Declaratory Judgment, 28 U.S.C. § 1332) |

For its Complaint against defendants, Plaintiff alleges as follows:

### I.    PARTIES

1.1    <u>CBIC</u>.  Plaintiff Contractors Bonding and Insurance Company ("CBIC") is incorporated under the laws of Illinois, with a principal place of business in Peoria, Illinois. Therefore CBIC is a citizen of Illinois for purposes of assessing federal diversity jurisdiction. CBIC is an insurance company that was at all relevant times authorized to transact business in the State of Oregon.

Page 1 – COMPLAINT
No.

1.2    <u>Red Apple</u>.  Upon information and belief, defendant Red Apple Inn LLC ("Red Apple") was at all times material to this action an Oregon LLC.  Red Apple is the owner of a two-story hotel located at 815 Main Ave., in Tillamook, Tillamook County, Oregon (the "Property").  Upon information and belief, Julia H. Surh is the sole Member of the limited liability company Red Apple, and resides in Tillamook, Tillamook County, Oregon.  Surh is a citizen of Oregon for purposes of assessing federal diversity jurisdiction.  Thus, Red Apple is also a citizen of Oregon for purposes of assessing federal diversity jurisdiction.

1.3    <u>Bush</u>.  Upon information and belief, defendant Mychal Leon Bush ("Bush") at all times material was an individual resident of Tillamook, Tillamook County, Oregon, doing business in Oregon as a licensed contractor.  Bush is therefore a citizen of Oregon for purposes of assessing federal diversity jurisdiction.  CBIC issued Commercial General Liability Policy Number INSPD5676 to its named insured Mychal Bush dba Mychal Bush Construction, as described below.

## II.    JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

2.2    The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because the underlying state court action, Red Apple Inn LLC v. Mychal Leon Bush, Circuit Court of the State of Oregon, County of Tillamook, Cause no. 18CV05666 (the "Red Apple Lawsuit"), contains a prayer for $400,000 in damages.

2.3    Venue is proper in this Court under 28 U.S.C. § 1391(b) because the defendants are domiciled in this Division and District, because a substantial part of the events giving rise to the claim occurred in this Division and District.

## III.    THE CBIC INSURANCE POLICY

3.1    CBIC issued a Commercial Lines Policy number INSPD5676 to Mychal Bush dba Mychal Bush Construction (the "CBIC Policy").  This coverage included consecutive

Page 2 – COMPLAINT
No.

policy terms with effective dates of March 15, 2004 through March 15, 2012. The liability limit is $1,000,000 each occurrence with a $500 property damage deductible.

3.2   A certified copy of the CBIC Policy for the March 15, 2010 to March 15, 2011 period is attached hereto as **Exhibit A**.

3.3   The CBIC Policy form CG0001 (1207) and the insuring agreement is modified by the following forms: CBGL 0005 (10 96) Amendment – Manifestation – Damage to Claimant; and CBGL 0052 (06 06) Amendment – Insuring Agreement. The insuring agreement now reads as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

Page 3 – COMPLAINT
No.

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

(2) The first manifestation of "bodily injury" or "property damage" occurs during the policy period; and

(3) The person making a claim or bringing a "suit" sustains damages during the policy period because of the "bodily injury" or "property damage".

"Manifestation" means the time at which "bodily injury" or "property damage" is apparent to any person, including but not limited to any claimant, health care professional, property owner, property manager, occupant, contractor or maintenance worker, whether or not such person is an insured under this Coverage Form.

3.4    The following coverage exclusions are set forth in Coverage A of the CBIC Policy:

**2. Exclusions**

This insurance does not apply to:

* * * * *

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

Page 4 – COMPLAINT No.

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

3.5 An endorsement form attached to the CBIC Policy caps the coverage limits available for moisture-related deterioration:

### AMENDMENT OF LIMITS - PRODUCTS-COMPLETED OPERATIONS HAZARD FOR MOISTURE RELATED DETERIORATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following is added to Section III, Limits of Insurance:

8. Notwithstanding the Limits of Insurance shown in the Declarations, the most we will pay for "bodily injury" and "property damage" that is within the "products-completed operations hazard" and that either consists of, is caused by, arises out of, or is aggravated by "moisture related deterioration" is $ 300,000 per occurrence $ 300,000 aggregate. This limitation applies even if causes other than "moisture related deterioration" add to or contribute, directly, indirectly, or in any manner or sequence to the "bodily injury or "property damage".

    a. This limitation does not apply if the "bodily injury" or "property damage" consists of, is caused by, or arises out of any of the following:

        (1) The "collapse" of any building or structure.

        (2) Water escaping from within leaking or bursting pipes, plumbing fixtures, appliances, or equipment located within a building or structure.

        (3) The presence or entry of liquid or frozen water into the occupied spaces of a building.

    b. "Moisture related deterioration" means:

        (1) Mold, mildew, fungi, or their spores, scent or byproducts.

Page 5 – COMPLAINT
No.

(2) Rot, decay, corrosion, or other gradual deterioration, delamination, adhesive or cohesive failure, weakening, or deformation of wood products or other material caused by continuous and/or prolonged and/or repeated contact with water or moisture.

This definition applies even if the water or moisture also contains substances or chemical elements other than water.

\* \* \* \* \*

3.6 An endorsement form attached to the CBIC Policy excludes property damage which would not have occurred but for fungi or bacteria:

### FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph **2. Exclusions of Section I — Coverage A — Bodily Injury And Property Damage Liability**:

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

\* \* \* \* \*

**C.** The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

3.7    An endorsement form attached to the CBIC Policy states when this Policy is excess over other insurance coverage:

**AMENDMENT OF OTHER INSURANCE – EXCESS PROVISION**

**(Construction Contracts)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION IV**, Paragraph **4.b.(1)** of the Commercial General Liability Conditions is amended by addition of the following:

( **c** ) This insurance is excess over any other insurance whether primary, excess, contingent or on any other basis that is available to you as an additional insured or contractual indemnitee under a policy issued to a subcontractor. You are required to give notice of a claim to all "potential insurers" within 30 days of giving notice of claim to us.

We have no duty under **Coverage A** or **B** to defend any claim for "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to our rights against all those other insurers.

We will pay only our share of the amount of loss, if any, that exceeds the sum of:

**(i)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(ii)** The total of all deductible and self-insurance amounts under all such insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of the Coverage Part.

"Potential insurer" means all insurance companies who may be obligated to defend the insured as either a named insured or an additional insured. "Potential insurers" includes the insurers of all subcontractors who were

Page 7 – COMPLAINT
No.

contractually obligated to name the insured as an additional insured on their own insurance policy(ies).

3.8  The CBIC Policy contains the following definitions:

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \*

**17**. "Property damage" means:

**a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \* \* \*

**21.** "Your product":

**a.**  Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

  (a) You;

  (b) Others trading under your name; or

  (c) A person or organization whose business or assets you have acquired; and

(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

\* \* \* \* \*

**22.** "Your work":

a. Means:

  (1) Work or operations performed by you or on your behalf; and

  (2) Materials, parts or equipment furnished in connection with such work or operations.

 b. Includes:

  (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

  (2) The providing of or failure to provide warnings or instructions.

3.9 CBIC is currently defending Mychal Bush against the allegations in the Red Apple Lawsuit, subject to a reservation of rights to deny defense and indemnity.

### IV. COMMON ALLEGATIONS

4.1 The Complaint in the Red Apple Lawsuit alleges that Bush contracted with Red Apple Inn to provide construction services including the replacement of siding, at the Main Avenue Red Apple Inn. A copy of the Complaint dated February 16, 2018 is attached hereto as **Exhibit B.**

4.2 The Complaint alleges that there are deficiencies in Bush's work, and that prior to commencing suit Red Apple Inn provided proper notice pursuant to ORS 701.560. The Complaint alleges breach of contract, negligence and negligence per se. That Complaint states that plaintiff Red Apple Inn has incurred damages in an amount to be determined by the jury but currently estimated to be $400,000, plus interest and costs.

4.3 Bush tendered the Complaint to CBIC on or about March 8, 2018.

4.4 CBIC investigated the tendered claim.

4.5 CBIC asserts that Bush performed work on the Red Apple Inn under a contract in or around 2010.

4.6 CBIC upon information and belief asserts that the first manifestation of the damage alleged in the Complaint did not occur until 2017 when water intrusion into the Property was discovered, after the CBIC Policy's coverage period had expired.

Page 9 – COMPLAINT
No.

4.7     CBIC asserts that no more than one CBIC policy period, if any, can be triggered because the first "manifestation" of damage can only occur once.

## V.     FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT)

5.1     CBIC incorporates by reference all allegations set forth above.

5.2     An actual controversy exists between CBIC and Bush regarding whether CBIC has a duty to defend or indemnify the defendant Bush in the Red Apple Lawsuit under the CBIC Policy. Namely, CBIC does not believe it owes a duty to defend or indemnify Bush.

5.3     An actual justiciable controversy exists among CBIC, its named insured Bush, and Red Apple, concerning whether CBIC has a duty to defend or indemnify Bush against the allegations in the Red Apple Lawsuit.

5.4     Under 28 U.S.C. § 2201, CBIC is entitled to a declaration by this Court determining the scope and nature of the rights and obligations of the parties under the CBIC Policy.

5.5     CBIC requests that the Court declare that CBIC has no duty to defend or indemnify Bush against the allegations in the Red Apple Lawsuit because the alleged property damage did not manifest during the period of the CBIC Policy, and is therefore excluded from coverage.

5.6     CBIC requests that the Court declare that CBIC has no duty to defend or indemnify Bush against the allegations in the Red Apple Lawsuit, to the extent the damages claimed are excluded by the Policies' exclusion 2.k., which excludes "property damage" to "your product" "arising out of it or any part of it."

5.7     CBIC requests that the Court declare that CBIC has no duty to defend or indemnify Bush against the allegations in the Red Apple Lawsuit, to the extent the damages claimed are excluded by the Policies' exclusion 2.l., which excludes "property damage" to

" "your work" arising out of it or any part of it and included in the "products-completed operations hazard"."

5.8    CBIC requests that the Court declare that CBIC has no duty to defend or indemnify Bush against the allegations in the Red Apple Lawsuit, to the extent the damages claimed are excluded by the Policies' exclusion 2.m., which excludes "property damage" to " "impaired property" or property that has not been physically injured arising out of: (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or (2) A delay or failure by you or anyone acting on your behalf to perform a contract or Agreement in accordance with its terms."

5.9    CBIC requests that the Court declare that CBIC has no duty to defend or indemnify Bush against the allegations in the Red Apple Lawsuit, to the extent the damages claimed are arising out of fungi or bacteria and therefore excluded.

5.10   CBIC reserves its rights under other CBIC Policy terms that are likely to condition, bar or limit coverage for the Red Apple Lawsuit's allegations.  For example, coverage under the CBIC Policy for moisture-related damage is subject to a $300,000 coverage limit.  Also, coverage may be barred by Bush's failure to comply with conditions required by the CBIC policy.

5.11   CBIC reserves the right to assert any other reasons why the CBIC Policy does not afford coverage against liability alleged in the Red Apple Lawsuit.

## VI.    RELIEF REQUESTED

WHEREFORE, CBIC respectfully requests that this Court issue an Order:

1.  Declaring that CBIC does not have a duty to defend Bush in the Red Apple Lawsuit under the CBIC Policy;

2.  Declaring that CBIC does not have a duty to indemnify Bush for damages in the Red Apple Lawsuit under the CBIC Policy;

Page 11 – COMPLAINT
No.

3.  Declaring that all parties are bound to the terms of any declaration and order issued by this Court;

4.  Awarding CBIC its costs, attorney's fees, interest and expenses to the maximum extent allowed by law; and

5.  Awarding CBIC such other and further relief as the Court deems just and proper.

DATED this 3rd day of May, 2018.

BETTS, PATTERSON & MINES, P.S.


By  /s/ Lawrence Gottlieb
   Lawrence Gottlieb, OSB 070869
Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
Telephone:     (206) 292-9988
Facsimile:      (206) 343-7053
Email: lgottlieb@bpmlaw.com

*Attorneys for Plaintiff Contractors Bonding and Insurance Company*